IN THE UNITED DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:14-cv-1595-AJT-MSN |
| JB WARD MECHANICAL, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the court on the plaintiffs' motion for default judgment (no. 9) against defendant JB Ward Mechanical, LLC, ("JB Ward") for failure to pay delinquent contributions and an Exit Contribution pursuant to a collective bargaining agreement in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act ("LMRA" or "Taft-Hartley Act") of 1947, 29 U.S.C. § 141 et seq. Defendant was served with the complaint on December 4, 2014. No answer or other responsive pleading has been filed and the Clerk has entered the default of defendant. Based on plaintiffs' memorandum in support and exhibits attached thereto, the magistrate judge recommends that default judgment be entered against defendants in the total amount of $18,257.48.

**I. Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.,* 616 F.

Supp.1001, 1002 (E.D. Va. 1985).   By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment.   *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint).   Here, as defendant has not answered or otherwise timely responded, defendant has admitted the well-pled allegations of fact contained in the complaint.

## II. Facts

The following facts are established by the complaint and by plaintiffs' motion and affidavits in support of default judgment.

Plaintiffs, separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMI"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively, the "Funds"), are the trustees of trust funds created and maintained pursuant to the LMRA, 29 U.S.C. § 186(c), and of multiemployer employee benefit plans as defined in ERISA, 29 U.S.C. § 1002(37).   Compl. ¶ 6, No. 31.   Plaintiff trustees are "fiduciaries," as defined in 29 U.S.C. § 1002(21), and the Funds are administered in Fairfax, Virginia.   Compl. ¶¶ 4, 6; Shaw Decl. ¶ 2, No. 11.

Defendant JB Ward Mechanical, LLC, is an Ohio limited liability company with a principal place of business in North Canton, Ohio, and is an employer engaged in an industry affecting commerce as defined by 29 U.S.C. §§ 152(2) and 1002(5), (11)-(12).   Compl. ¶¶ 10-11. JB Ward employed members of Sheet Metal Workers' International Association Local Union No. 33 ("Local Union No. 33"), a labor organization representing employees for the purpose of

collective bargaining.  Compl. ¶ 12.  Defendant was bound by a collective bargaining agreement ("Agreement"), with Local Union No. 33.  Compl. ¶ 13; Shaw Decl. ¶ 5.  The Agreement obligated JB Ward to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Funds and any amendments thereto ("Trust Documents").  Compl. ¶ 14; Shaw Decl. ¶ 6.  Pursuant to the Agreement and Trust Documents, JB Ward was required to prepare monthly remittance reports showing the contributions owed to the Funds for all hours worked by or paid to employees covered by the Agreement and to submit these reports and accompanying contributions by the twentieth day after the end of the month during which covered work was performed.  Compl. ¶¶ 15-17; Shaw Decl. ¶¶ 6, 13-14.  If received thereafter, the remittance reports and fund contributions are considered delinquent.  Compl. ¶ 17; Shaw Decl. ¶ 14.

During the months of July 2011 through October 2012, December 2012 through March 2013, May 2013, September 2013, October 2013, and January 2014, JB Ward employed employees for whom contributions were due but failed to make the required contributions.  Compl. ¶ 23.  Based on remittance reports submitted by JB Ward, it owes contributions to the Funds in the total amount of $2,927.95 for these months.  Compl. ¶ 24; Shaw Decl. ¶ 15.  JB Ward also failed to make the required contributions to the Funds in a timely manner for the months of December 2012 through April 2013, June 2013, July 2013, September 2013, and October 2013.  Compl. ¶ 25; Shaw Decl. ¶ 16.

In 2014, the NPF determined that on or about April 1, 2014, JB Ward effected a "complete withdrawal," as defined by 29 U.S.C. § 1383.  Compl. ¶ 27; Shaw Decl. ¶ 7.  As a result of this complete withdrawal, JB Ward was assessed an Exit Contribution of $6,498.65 as determined under the terms of the Trust Documents by the NPF.  Compl. ¶ 28; Shaw Decl. ¶ 8.  On September 29, 2014, the NPF sent a Notice and Demand for Payment of Exit Contribution via certified mail notifying JP Ward of both the amount and due date of its incurred Exit Contribution.

Compl. ¶ 29; Shaw Decl. ¶ 9 & Ex. 3.   The Notice and Demand was returned to the NPF as refused.   *Id.*   On October 8, 2014, the NPF sent a copy of the Notice and Demand to JP Ward via email and received confirmation that its email had been successfully delivered.   Compl. ¶ 30; Shaw Decl. ¶ 10 & Ex. 4.   JP Ward has failed to pay any portion of the Exit Contribution due to the NPF.   Compl. ¶ 31; Shaw Decl. ¶ 11.

Through the instant action, plaintiffs seek relief against JP Ward for its failure to make contributions to the Funds (Count I) and for its failure to make an Exit Contribution to NPF (Count II).   Plaintiffs seek a judgment awarding payment of all delinquent monthly and exit contributions, accrued interest on these amounts from their due date through the date of payment or judgment, liquidated damages, late fees, and attorneys' fees and costs pursuant to the collective bargaining agreement, Trust Documents, ERISA, and the LMRA.   Compl. 8.

### III. Jurisdiction and Venue

This court has subject matter jurisdiction over this action because it is brought under federal statute.   Personal jurisdiction and venue are proper under 29 U.S.C. §§ 1132(e)(2) and 185(a) and 28 U.S.C. § 1391(b), as the Funds in question are administered within the Eastern District of Virginia.   *See also Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

### IV. Discussion and Findings

Pursuant to ERISA, 29 U.S.C. § 1145, employers are required to comply with their obligations to multiemployer plans by making contributions in accordance with the terms and conditions of the plan or collective bargaining agreement.   To enforce this section, ERISA, 29 U.S.C. § 1132, allows for the recovery of delinquent contribution in federal court along with accrued interest, liquidated damages, and attorneys' fees and costs.   Sections 1132 and 1145 also allow a fund to recover any exit contribution assessed under the terms of its documents of

trust. *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. DCI Signs & Awnings, Inc.*, No. 1:08CV15JCC, 2008 WL 640252, at *2 (E.D. Va. Mar. 5, 2008) (noting that 29 U.S.C. §§ 1132(g)(2) and 1145 empower a fund to seek enforcement of an employer's contractual obligation under the trust agreement to pay any Exit Contribution imposed by the fund). In addition, the LMRA, 29 U.S.C. § 185(a), provides plaintiffs a federal cause of action for breach of a collective bargaining agreement without regard to the amount in controversy or citizenship of the parties.

Having examined the record, the magistrate judge finds that the well-pled allegations of fact in the complaint as well as plaintiffs' memorandum in support of default judgment and exhibits attached thereto establish that JP Ward failed to pay an Exit Contribution totaling $6,498.65, failed to make monthly contributions for the period of July 2011 through October 2012, December 2012 through March 2013, May 2013, September 2013, October 2013, and January 2014 totaling $2,927.95, and failed to make timely contributions for the months of December 2012 through April 2013, June 2013, July 2013, September 2013, and October 2013. JP Ward's failure to make payments to the Funds pursuant to the collective bargaining agreement and Trust Documents is in violation of ERISA and the LMRA, 29 U.S.C. §§ 185 and 1145, and therefore, plaintiffs are entitled to default judgment in their favor in the total amount of $18,257.48, as set forth more fully below.

*Exit Contribution and Delinquent Fund Contributions,
Interest, Liquidated Damages, and Late Fees*

The Trust Documents, Article V, Sections Two and Six, require delinquent employers to pay (1) interest at the rate of 0.0233% per day, compounded daily, from the date due until the date paid; (2) liquidated damages equal to the greater of interest or 20% of the delinquent contributions; and (3) late fees, for delinquent contributions paid prior to litigation but more than five days late,

equal to the greater of 10% of the late contributions or $50.00.   Shaw Decl. ¶ 17 & Ex. 2.

The Declarations of Walter Shaw, the Billing and Eligibility Manager of NPF, and the exhibits attached thereto establish that defendant owes $6,498.65 and $2,927.95, respectively, in Exit Contribution and delinquent monthly contribution payments as well as the following amounts in accrued interest[1], liquidated damages, and late fees:

| Fund | Exit Contribution | Interest to 1/22/15 | Liquidated Damages | Total |
| --- | --- | --- | --- | --- |
| NPF | $6,498.65 | $96.03 | $1,299.73 | **$7,894.41** |

Shaw Decl. ¶ 12 & Ex. 5.

| Fund | Contributions | Interest to 1/22/15 | Liquidated Damages | Late Fees | Total |
| --- | --- | --- | --- | --- | --- |
| NPF | $2,633.40 | $587.11 | $526.70 | $458.02 | **$4,205.23** |
| ITI | $207.87 | $45.52 | $41.56 | $33.70 | **$328.65** |
| NEMI | $52.01 | $11.37 | $10.40 | $8.42 | **$82.20** |
| SMOHIT | $34.67 | $7.60 | $6.93 | $5.73 | **$54.93** |
| **Total** | **$2,927.95** | **$651.60** | **$585.59** | **$505.87** | **$4,671.01** |

Shaw Decl. ¶¶ 15-20 & Ex. 6.

Therefore, the magistrate judge finds that plaintiffs are collectively entitled to the following:

| Fund | Delinquent Payments | Accrued Interest | Liquidated Damages | Late Fees | Total |
| --- | --- | --- | --- | --- | --- |
| All | $9,426.60 | $747.63 | $1,885.32 | $505.87 | **$12,565.42** |

---

[1] The below totals for accrued interest on delinquent exit and monthly contributions are supported by plaintiffs' motion for default judgment, incorporated declaration, and exhibits rather than the amounts reflected in the complaint.

*Attorneys' Fees and Costs*

The Trust Documents, Article V, Sections Two and Six, require a delinquent employer to pay reasonable attorneys' fees and costs if legal counsel is engaged to assist in the collection of delinquent contributions.   Shaw Decl. Ex. 2.   Based on the Declaration of Christopher Leins, counsel to plaintiffs, and the exhibits attached thereto, plaintiffs have incurred attorneys' fees and costs in connection with this matter from October 7, 2014, through January 22, 2015, totaling $5,204.50 in attorneys' fees, of which $2,024.50 relate to the collection of the Exit Contribution and $3,180.00 relate to the collection of delinquent contributions, and $487.56 in costs.   Leins Decl. ¶¶ 5-7 & Exs. 1-2, No. 12 (providing a detailed account of hours billed, attorneys' fees and costs).   The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

Upon review of the entire record, the magistrate judge finds that the submitted pleadings, affidavits, and exhibits establish that defendant owes and plaintiffs are entitled to recover damages totaling $18,257.48, in accordance with the following:

| *Relief* | *Amount* |
|---|---|
| Exit Contribution | $6,498.65 |
| Delinquent Contributions | $2,927.95 |
| Accrued Interest to 1/22/15 | $747.63 |
| Liquidated Damages & Late Fees | $2,391.19 |
| Attorneys' Fees & Costs | $5,692.06 |
| ***TOTAL Relief Due*** | **$18,257.48** |

**V. Recommendation**

The magistrate judge recommends that default judgment be entered against defendant JB Ward Construction, Inc., in favor of plaintiffs, in the total amount of $18,257.48.

## VI. Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

April 22, 2015
Alexandria, Virginia